UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRIENDLY MARKET INC. and FE
VIVA LLC,

     Plaintiffs,

v.                           Case No.: 2:23-cv-989-SPC-NPM

CENTURY SURETY COMPANY,

     Defendant.
_____/

## ORDER

Before the Court is Defendant Century Surety Company's Notice of Removal. (Doc. 1). Plaintiffs Friendly Market Inc. and Fe Viva LLC brought this breach-of-insurance contract suit in state court. (Doc. 1-1). Defendant then removed it based on diversity jurisdiction. But Defendant's Notice needs work.

A defendant may remove a civil action from state court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). And because the Court has limited jurisdiction, it is "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

The Court has diversity jurisdiction over a civil action if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Here, jurisdiction is unclear because the Court cannot determine Fe Viva's citizenship nor whether the amount in controversy exceeds the threshold.

The Court starts with Fe Viva's citizenship. For a limited liability company, like Fe Viva, it is a citizen of every state in which one of its members is domiciled. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004). Although Defendant's Notice identifies Fe Viva's two members—Yoel and Teresa Ochoa—all it says is they "are residents of Florida." (Doc. 1 at 3). This is not enough. A person's citizenship is determined by his "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever [s]he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). Defendant offers nothing about where either Ochoa intends to remain indefinitely. So because residency does not equal domicile, Defendant cannot rely on the Ochoas' residencies alone to establish their citizenships. *See Taylor*, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). Defendant thus has not shown all the parties to be diverse.

The amount in controversy is also problematic because Defendant relies only on Friendly Market's "Property Insurance Notice of Intent to Initiate Litigation" that Florida law requires before suing. (Doc. 1-5); *see also* Fla. Stat. § 627.70152(3)(a). The Notice shows Friendly Market alleges $148,319.00 in damages from Hurricane Ian. (Doc. 1-5 at 3). Although the Notice says Friendly Market's attached a "Demand/Estimate," that information is not included here. So Defendant has not explained the damages that Plaintiff allegedly claims. Defendant thus merely offers a conclusory statement an amount in controversy that could reflect nothing more than "puffing and posturing" often found in demand letters. *See e.g.*, *Gluth v. Am. Airlines, Inc.*, No. 2:19-cv-918-FTM-38MRM, 2020 WL 897986, at *2 (M.D. Fla. Feb. 25, 2020) (courts analyze "whether demand letters merely reflect puffing and posturing, or whether they provide specific information to support the plaintiff's claim for damages and thus offer a reasonable assessment of the value of the claim" (cleaned up)). So the Court cannot say the amount in controversy has been satisfied at the time of removal.

In conclusion, Defendant has not established this Court's diversity jurisdiction over this action.

Accordingly, it is

**ORDERED:**

Defendant must **SUPPLEMENT** its Notice of Removal on or before **November 13, 2023**, to show cause why this case should not be remanded lacking subject-matter jurisdiction. **Failure to follow this Order will cause this case being remanded without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 6, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record